**Order filed September 25, 2014**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00627-CV
_____

### DELLA GOINES, Appellant

V.

### SRMOF 2009-I TRUST, BY WELLS FARGO BANK, NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL OR BANKING CAPACITY BUT SOLEY AS CERTIFICATE TRUSTEE OF THE TRUST, Appellee

**On Appeal from County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1046038**

## ORDER

This is an appeal from a judgment signed July 23, 2014. Appellant filed her notice of appeal on July 28, 2014. Appellant also filed an affidavit of indigence in this court on August 14, 2014. In accordance with Rule 20.1, notice was sent that a contest was due to be filed in this court before September 16, 2014. Tex. R. App. P. 20.1. A contest was filed before that date, on September 9, 2014.

On September 16, 2014, the trial court conducted a hearing on the contest and signed an order sustaining it that same day. A partial clerk's record containing the documents relevant to appellant's indigency claim and a record of the hearing have been filed in this court. On September 19, 2014, appellant timely filed a motion challenging the trial court's order sustaining the contest.[1] Tex. R. App. P. 20.1(j).

When a contest is sustained and a review of the ruling is sought, the question is whether an examination of the record as a whole establishes that the trial court abused its discretion. *See Jones v. Duggan*, 943 S.W.2d 90, 93 (Tex. App. – Houston [1st Dist.] 1997, orig. proceeding). In ruling on the merits of the evidence at the trial court level, the test for determining entitlement to proceed in forma pauperis is whether the preponderance of the evidence shows that the appellant would be unable to pay the costs of appeal, if he really wanted to and made a good faith effort to do so. *See Griffin Indus. v. Thirteenth Court of Appeals*, 934 S.W.2d 349, 351 (Tex. 1996). To show a clear abuse of discretion, the appellant must show that, under the circumstances of the case, the facts and law permit the trial court to make but one decision. *See Cronen v. Smith*, 812 S.W.2d 69, 70 (Tex. App.BHouston [1st Dist.] 1991, orig. proceeding).

The burden of proof at the hearing on the contest to the affidavit is on the party claiming indigence. *See* Tex. R. App. P. 20.1(g). Appellant testified that her 4-bedroom home is paid for and valued at approximately $210,000. She does not pay taxes on the property because she has a deferment. The property is

---

[1] According to the motion, appellant also filed an affidavit of indigence in the trial court on July 28, 2014. Appellant argues the contest filed in this court was untimely because it was not filed within 10 days of the affidavit filed in the trial court. Rule 20.1 does not expressly address when the contest must be filed if an affidavit is filed in both the trial court and the appellate court. Because the contest was filed in accordance with the date set by the clerk of this court after an affidavit was filed in this court, we consider it timely filed.

approximately 3300 square feet. A lien was filed against the property that appellant claims is fraudulent. She has not tried to borrow any money against her home. Appellant testified to $300 a month in utilities. Her son lives with her and pays $100 a month and pays for her cell phone. He also "helps me with what is needed." Appellant has attended college.

Appellant is not receiving disability but has applied for food stamps and stated she is "receiving assistance" with buying groceries. Appellant testified she was approved for food stamps but has not received them. Appellant testified that on her application for food stamps she disclosed that she owned her own home but did not tell them the value "because they look that up in their appraisal information."

Appellant owns a catering business but has had no income since February 2013. She testified that her doctor told her that she cannot work right now. Appellant could not testify to the value of her business but still owns the equipment, pots, pans, utensils, a computer and a printer. Appellant has internet service for the computer that costs $68 per month.

Appellant has a 2004 745I BMW but did not remember what she paid for it. Appellant has a checking account with a negative balance and a savings account containing $10.

Appellant has not tried to borrow any money for the court costs and she has not asked her son or any other relatives for help.

The record reflects that appellant failed to prove by a preponderance of the evidence that she is unable to pay the costs of appeal. Accordingly, we find the trial court did not abuse its discretion in denying appellant's request to proceed without the payment of costs.

Therefore, appellant is ordered to pay the filing fee in the amount of $195.00 to the Clerk of this court within fifteen days of the date of this order. *See* Tex. R. App. P. 5. If appellant fails to timely pay the filing fee in accordance with this order, the appeal will be dismissed. Further, appellant is directed or make arrangements to pay for the record in this appeal. *See* Tex. R. App. P. 35.3(a)(2). Unless appellant provides this court with proof of payment for the record within fifteen days of the date of this order, we will dismiss the appeal for want of prosecution. *See* Tex. R. App. P. 37.3(b).

PER CURIAM

Panel consists of Justices McCally, Brown and Wise.